**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2021 Apr 23 1:18 PM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

Docket No. CT-1101-21

(●) Lawsuit
( ) Divorce

Ad Damnum $ 107,374.60 + interest

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY A/S/O/ DIANE GORDON | VS | WHIRLPOOL CORPORATION and BITRON IND. CHINA CO., LTD. |

TO: (Name and Address of Defendant (One defendant per summons))

WHIRLPOOL CORPORATION
c/o Registered Agent
Corporation Service Company
2908 Poston Ave
Nashville, TN 37203-1312

Method of Service:
(●) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
( ) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Matthew W. McInteer - Bell, McCann & McInteer Plaintiff's attorney, whose address is 2809 12th Avenue South, Nashville, TN 37204 telephone (615) 292-2600 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____ By _____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** STATE FARM FIRE AND CASUALTY VS WHIRLPOOL CORP

**Case Number:** CT-1101-21

**Type:** SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 04/23/2021 01:44:59 PM

ELECTRONICALLY FILED
2021 Apr 23 1:18 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY A/S/O/ DIANE GORDON )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WHIRLPOOL CORPORATION and )<br>BITRON IND. CHINA CO., LTD., )<br>)<br>Defendants. ) | CIVIL ACTION NO. CT-1101-21<br>JURY DEMAND |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, State Farm Fire & Casualty Company, as subrogee of Diane Gordon, by and through undersigned counsel, hereby files this Complaint against Whirlpool Corporation and Bitron Ind. China Co., Ltd. (collectively, "Defendants") and alleges the following:

**THE PARTIES**

1. Plaintiff, State Farm Fire & Casualty Company (hereinafter "State Farm") is an Illinois corporation with its principal place of business located at One State Farm Way, Bloomington, Illinois, 61710.

2. At all relevant times, State Farm was duly authorized to issue insurance policies in the State of Tennessee.

3. State Farm's subrogor, Diane Gordon (hereinafter, "Gordon"), is an individual and resident of the State of Tennessee, and at all relevant times resided at 573 S. Front St., Memphis, TN 38103 (hereinafter, "Property").

4. Defendant, Whirlpool Corporation ("Whirlpool") is, upon information and belief, a corporation organized and existing under the laws of Delaware with a principal place of business located at 2000 N M-63, Benton Harbor, Michigan. At all times material herein,

Whirlpool was engaged in the design, manufacture, assembly, sale and/or supply of clothes washers for distribution in the United States.

5.      Defendant, Bitron Ind. China Co., Ltd. ("Bitron") is a company doing business in the state of Tennessee, including Shelby County, with its principal place of business located South of Chunyang Road, West of Hua Guan Road, High-Tech Zone, Cheng Yang District, Qingdao City, Shan Dong Province, PRC Post Code 266111.  As such, Bitron is subject to the jurisdiction of this court, and venue for this Amended Complaint is proper.  At all times material herein, Bitron was engaged in the design, manufacture, assembly, sale and/or supply of solenoid valves for distribution in the United States.

## JURISDICTION

6.      Jurisdiction and venue are proper in this Court in that the damages alleged exceed the jurisdictional requirements of this Court; both Defendants regularly conduct business in the State of Tennessee; the events giving rise to this action occurred in Shelby County, Tennessee; and the real property involved in this action is located in Shelby County, Tennessee.

## GENERAL ALLEGATIONS

7.      On or about August 14, 2012 Gordon purchased a Whirlpool clothes washing machine, Model WFW9550WL10, Serial No. CS20704810. The washing machine contained a component part – a solenoid fill valve – manufactured and sold by Defendant Bitron (the washing machine and component parts, collectively, are referred to herein as the "Subject Product.")

8.      On May 29, 2018, Gordon discovered that the Property was flooded with water that had leaked from the Subject Product.

2

9. This leak was the result of a defect in the design, manufacture, and/or warnings for the Subject Product.

10. As a result of the water leak, Gordon incurred damages to her real and personal property.

11. At all relevant times, the Property was insured by State Farm, pursuant to the terms and conditions of Policy No. 42-BV-H235-9 which insured her against, *inter alia*, damages to real and personal property, as well as additional living expenses, loss of use and extra expense.

12. Pursuant to the terms of the Policy, which provided coverage for the water leak, State Farm reimbursed Gordon for damage to the Property.

13. Having paid Gordon for the damage caused by the Subject Product pursuant to the Policy, State Farm is contractually, legally, and equitably subrogated to Gordon's right to bring this action against those responsible for the damages caused by the water leak.

## COUNT I: STRICT PRODUCT LIABLITY AGAINST WHIRLPOOL

14. Plaintiff incorporates all of the allegations above and below as if stated in full herein.

15. Whirlpool was the manufacturer and seller of the Subject Product..

16. The leak referred to above and consequent damage and destruction to the insureds' property was caused by Defendant Whirlpool's defective washer for which it is strictly liable under Tenn. Code Ann. § 29-28-105(a) (1980 Repl.).

17. The Subject Product contained the defect that caused it to fail when it left Whirlpool's possession and control.

18. As a direct and proximate result of Whirlpool's breach, as delineated by Tenn. Code Ann. § 29-28-105(a) (1980 Repl.), the Subject Product created a water leak, which resulted in significant damages to Plaintiff.

WHEREFORE, Plaintiff State Farm, as subrogee of Diane Gordon, demands judgment against Defendant Whirlpool in the amount of $107,374.60 together with interest, the costs of this action, and such other and further relief as the Court may award.

## COUNT II: NEGLIGENCE
## AGAINST WHIRLPOOL

19. Plaintiff incorporates all of the allegations above and below as if stated in full herein.

20. Whirlpool manufactured, designed, assembled, sold, distributed, marketed, or otherwise placed the Subject Product and/or its component parts into the stream of commerce.

21. In selling the Subject Product, Whirlpool owed a duty of reasonable care to the general public, including Gordon, to ensure its product was safe, free from defect, and did not create an undue risk of injury or property damage.

22. The leak and resulting damages sustained by Gordon were directly and proximately caused by the negligence, carelessness, negligent omissions and/or gross negligence of Whirlpool, acting by and through its employees, agents and servants, acting within the scope and course of their employment, as follows:

(a) supplying a product which was improperly designed and/or manufactured;

(b) failing to properly and safely inspect and test the product before placing it in the stream of commerce;

(c) failing to use reasonable care in the design and manufacture of the product so as to make it safe for its intended use;

(d) failing to provide adequate warnings and instructions for its product;

 (e) failing to take the proper and necessary precautions to prevent a leak from occurring; and/or

 (f) otherwise causing or allowing the leak to occur.

23. As a direct and proximate result of Whirlpool's negligence, on or about on May 29, 2018, the Subject Product failed, causing serious real and personal property damage to State Farm's insured.

WHEREFORE, Plaintiff State Farm, as subrogee of Diane Gordon, demands judgment against Defendant Whirlpool in the amount of $107,374.60, together with interest, the costs of this action, and such other and further relief as the Court may award.

### COUNT III:  STRICT PRODUCT LIABLITY
### AGAINST BITRON

24. Plaintiff incorporates all of the allegations above and below as if stated in full herein.

25. Bitron designed, manufactured, and/or distributed the solenoid valve that was part of the Subject Product.

26. In placing the valve into the stream of commerce, Bitron impliedly warranted that it was of merchantable quality and fit for its intended use.

27. The defective condition of the solenoid valve allowed water to leak from the Subject Product, allowing water to accumulate on the floor in significant quantities.

28. The valve and Subject Product were used in their ordinary course.

29. The solenoid valve contained this defect when it left Bitron's possession and control.

30. The leak referred to above and consequent damage and destruction to the insureds' property was caused by Defendant Bitron's defective product for which it is strictly liable under Tenn. Code Ann. § 29-28-105(a) (1980 Repl.).

WHEREFORE, Plaintiff State Farm, as subrogee of Diane Gordon, demands judgment against Defendant Bitron in the amount of $107,374.60, together with interest, the costs of this action, and such other and further relief as the Court may award.

### COUNT IV: NEGLIGENCE
### AGAINST BITRON

31. Plaintiff incorporates all of the allegations above and below as if stated in full herein.

32. Bitron designed, assembled, manufactured, and distributed the solenoid valve to the subject washing machine.

33. Bitron had a duty to design, manufacture, and distribute the solenoid valve to Whirlpool for use in the Subject Product in such a way that it would be safe and free of defects.

34. Bitron had a duty to warn persons who might reasonably use its washing machine about latent dangerous defects with the solenoid valve to the subject washing machine.

35. Bitron knew, or reasonably should have known, that if Bitron designed, manufactured, and distributed a solenoid valve to and/or for the Subject Product with a latent defect, and if Bitron failed to warn of such defect, users of the Subject Product could incur personal or real property damage.

36. The water leak was the result of a defect in and malfunction of the solenoid valve in the washing machine in the course of its ordinary use.

37. The malfunction of the solenoid valve was caused by a defective condition in that the solenoid valve had an imperfection that allowed water to leak through and accumulate on the floor in significant quantities.

38. The Subject Product contained this defect when it left this defendant's possession and control.

39. The leak and resulting damages sustained by Gordon were directly and proximately caused by the negligence, carelessness, negligent omissions and/or gross negligence of Bitron, acting by and through its employees, agents and servants, acting within the scope and course of their employment, as follows:

    (a) supplying a product which was improperly designed and/or manufactured;

    (b) failing to properly and safely inspect and test the product before placing it in the stream of commerce;

    (c) failing to use reasonable care in the design and manufacture of the product so as to make it safe for its intended use;

    (d) failing to provide adequate warnings and instructions for its product;

    (e) failing to take the proper and necessary precautions to prevent a leak from occurring; and/or

    (f) otherwise causing or allowing the leak to occur.

40. As a direct and proximate result of Bitron's negligence, on or about on May 29, 2018, the Subject Product failed, causing serious real and personal property damage to State Farm's insured.

WHEREFORE, Plaintiff State Farm, as subrogee of Diane Gordon, demands judgment against Defendant Bitron in the amount of $107,374.60, together with interest, the costs of this action, and such other and further relief as the Court may award.

### COUNT V:  BREACH OF IMPLIED WARRANTY AGAINST WHIRLPOOL

41. Plaintiff incorporates all of the allegations above and below as if stated in full herein.

42. By placing the Subject Product into the stream of commerce, Whirlpool impliedly warranted that the Subject Product was safe, merchantable and fit for its intended use.

43. Whirlpool breached its implied warranty because the Subject Product was unsafe, not of merchantable quality and unfit for its intended use when it was placed into the stream of commerce.

44. As a direct and proximate result of the aforesaid breach of warranty, the leak occurred causing damages to State Farm described above.

WHEREFORE, Plaintiff State Farm, as subrogee of Diane Gordon, demands judgment against Defendant Whirlpool in the amount of $107,374.60, together with interest, the costs of this action, and such other and further relief as the Court may award.

### COUNT VI: BREACH OF IMPLIED WARRANTY AGAINST BRITON

45. Plaintiff incorporates all of the allegations above and below as if stated in full herein.

46. By placing the solenoid fill valve into the stream of commerce, Briton impliedly warranted that the valve was safe, merchantable and fit for its intended use.

47. Briton breached its implied warranty because the valve was unsafe, not of merchantable quality and unfit for its intended use when it was placed into the stream of commerce.

48. As a direct and proximate result of the aforesaid breach of warranty, the leak occurred causing damages to State Farm described above.

WHEREFORE, Plaintiff State Farm, as subrogee of Diane Gordon, demands judgment against Defendant Briton in the amount of $107,374.60, together with interest, the costs of this action, and such other and further relief as the Court may award.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, STATE FARM FIRE AND CASUALTY COMPANY, respectfully requests a judgment against Defendants WHIRLPOOL CORPORTION and BITRON IND. CHINA CO., LTD., for an amount to be proven at trial, to include payments totaling $107,374.60 for property damages, together with interest, the costs of this action, and such other relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully Submitted,

BELL, McCANN & McINTEER, PLC

s/ Matthew W. McInteer

---

Matthew W. McInteer BPR No. 022923
Justin F. Seamon BPR No. 029382
2809 12th Avenue South
Nashville, TN 37204
matthew@b2mlaw.com
justin@b2mlaw.com
Phone: 615-292-2600
Fax: 615-829-8440

Bell, McCann & McIntyre, PLC
2809 12th Avenue, South
Nashville, TN 37204

7020 3160 0002 3128 3765





1000    37203    $7.85

U.S. POSTAGE PAID
FCM LG ENV
NASHVILLE, TN
37215
APR 28, 21
AMOUNT
R2305K142532-30

Whirlpool Corporation
c/o Registered Agent
Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203-1312